NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
-------------------------------------------------------X

In Re:

WILLIAM H. HOWARD, III,

        Debtor.
-------------------------------------------------------X

CHAPTER 13

CASE NO. 14-21304 (JNP)

JUDGE: Jerrold N. Poslusny, Jr.

## OPINION DENYING RELIEF REQUESTED IN BOTHWELL'S MOTION

**JERROLD N. POSLUSNY, JR., U.S. Bankruptcy Judge**

The issue before the Court is, on its face, a fairly simple one, a determination of whether the automatic stay imposed pursuant to section 362 of Title 11 of the United States Code (the "Bankruptcy Code"), bars the entry of a judgment obtained in a state court action. However, this issue is complicated because the parties have not presented this Court with sufficient information to make a determination, and because of the complexity of the facts underlying the state court cause of action.

This motion stems from a pre-petition consumer fraud judgment obtained by Kevin Bothwell against William Howard (the "Debtor") and his companies Nature Green Landscape Artistry & Garden Center, Inc. and Hardscapes, Landscapes & Custom Pools by Nature Green LLC (collectively the "Nature Green Entities"). Prior to Bothwell being able to enforce this judgment, the Debtor filed a voluntary Chapter 13 petition for relief (the "Bankruptcy Case") on May 31, 2014 (the "Petition Date"). Bothwell received timely notice of the Bankruptcy Case, filed a proof of claim, and did not object to the confirmation of the Debtor's Plan. Neither of the Nature Green Entities filed petitions for relief.[1] Bothwell attempted to enforce this judgment against the

---

[1] This decision treats the Nature Green Entities as separate legal entities, although they are listed as d/b/a's on the Debtor's petition.

Nature Green Entities and discovered that, prior to filing bankruptcy, the Debtor had transferred several vehicles owned by the Nature Green Entities (the "Vehicles") to himself.

On June 10, 2016, Bothwell filed a motion to dismiss, or in the alternative, for relief from stay ("First Motion"). Dkt. No. 62. The First Motion alleged that the Vehicles were transferred from the Nature Green Entities to the Debtor for no consideration shortly following entry of the pre-petition judgment. Both parties acknowledged that the transfers from the Nature Green Entities to the Debtor occurred prior to the Petition Date. At the hearing to consider the First Motion on July 12, 2016, both parties conceded that the Vehicles were not property of the estate and the Court granted the First Motion, but limited stay relief to the Vehicles only. The Court specifically stated:

> I am not going to grant stay relief to pursue Mr. Howard personally, because that is part of his bankruptcy case. . . [and Bothwell] filed a proof of claim or should have filed a proof of claim.

HRG. to consider First Motion (July 12, 2016 at 10:56 a.m.). On March 21, 2017, Bothwell brought an action (the "Complaint") in the Superior Court of New Jersey, Camden County (the "State Court") against the Debtor individually and several other parties, alleging fraudulent transfer and alter ego claims. See Dkt. No. 79. The fraudulent transfer count of the Complaint includes allegations of both pre-petition and post-petition conduct. For example, the Complaint includes allegations of the pre-petition transfer of the Vehicles from the Nature Green Entities to the Debtor. Id. These allegations form at least some of the elements of the cause of action for fraudulent transfer. Id. Paragraph 35 of the Complaint reads:

> The purpose of the gift from Nature Green to William H. Howard, III was to thwart, frustrate, delay, and defraud Plaintiff in anticipated collection efforts.

Id. However, the fraudulent transfer count also and separately includes allegations of other transfers that Bothwell contends occurred post-petition. Id. at ¶¶ 36-40. Additionally, Bothwell acknowledges that the jury instructions in the State Court action did not enable the jury to find

2

liability on the basis of a transfer of specified assets at specified times, but instead limited the jury to a finding of liability that treated the transfer of the Vehicles as a batch. Dkt. No. 79. The jury returned a verdict finding the Debtor liable in the amount of $17,000 (the "Judgment").

The State Court declined to enter the Judgment against the Debtor, and instructed Bothwell to come before this Court to request permission to enter the Judgment. Bothwell then filed the current motion to declare the Judgment outside the scope of the automatic stay, or in the alternative, for relief from the automatic stay to permit the State Court to enter the Judgment (the "Motion"). Dkt. No. 78. Bothwell did not attach the Complaint to his Motion, however, the Debtor did attach it to his response. Further, Bothwell did not include a transcript of the trial, the jury instructions, or the verdict sheet. The Motion also requests this Court award sanctions pursuant to Federal Rule of Bankruptcy Procedure 9011 (the "Rules"). The Debtor filed a response on September 18, 2017. Dkt. No. 79. A hearing on the Motion was held on October 10, 2017.

## Analysis

The automatic stay is extremely broad in scope; aside from the limited exceptions of subsection (b), the stay applies to almost any type of formal or informal action against the debtor or estate property, by any entity. In re Zunich, 88 B.R. 721, 724 (Bankr. W.D. Pa. 1988) (citing Ellison v. Nw. Eng'g Co., 707 F.2d 1310 (11th Cir. 1983); Ass'n. of St. Croix Condo. Owners v. St. Croix Hotel Corp., 682 F.2d 446 (3d Cir. 1982)). However, the automatic stay is applicable "only to stay a claim that arose pre-petition." In re Grossman's Inc., 607 F.3d 114, 122 (3d Cir. 2010). Further, the Third Circuit has determined that a "claim arises when an individual is exposed pre-petition to a product or other conduct giving rise to an injury, which underlies a 'right to payment' under the Bankruptcy Code." Wright v. Corning, 679 F.3d 101, 106 (3d Cir. 2012)

3

(citing Grossman's, 607 F.3d at 125).[2] "[V]irtually all courts now apply some version of the 'conduct test'. Under this approach, the date of a claim is determined by the date of the conduct giving rise to the claim." Saint Catherine Hosp. of Indiana, LLC v. Indiana Family & Soc. Servs. Admin., 800 F.3d 312, 315 (7th Cir. 2015) (citations omitted). "Because the conduct test includes both contingent and unmatured claims, it is thought to be in accordance with the broad definitions of 'debt' and 'claim' in the Code." Id.

Thus, any cause of action based on pre-petition conduct would be a "claim" under the Code, and pursuing that claim outside of the Bankruptcy Case would be a violation of the automatic stay. Actions taken in violation of the automatic stay, however innocently, are void ab initio (as opposed to voidable). In re Myers, 491 F.3d 120, 127 (3d Cir. 2007) (citing In re Siciliano, 13 F.3d 748, 750 (3d Cir.1994)).

Bothwell seeks an order ruling that the automatic stay does not bar entry of the State Court Judgment. However, Bothwell has failed to provide this Court with any material regarding the Judgment that would permit the Court to grant the Motion. The fraudulent transfer count of the Complaint includes allegations of pre-petition and post-petition conduct. Moreover, the prayer for relief in the Complaint specifically references allegedly fraudulent transfers that occurred pre-petition. As noted above, causes of action arising from pre-petition conduct are barred by the automatic stay, and any judgment that results from those claims are void against the Debtor. Thus, the Judgment is barred by the automatic stay and cannot be entered if the jury's finding of liability was based, even in part, on the pre-petition conduct of the Debtor.

Although Bothwell may have a claim for post-petition fraudulent transfers allegedly committed by the Debtor, Bothwell has not presented this Court with any evidence to establish

---

[2] This rule is tempered by the due process requirements that any potential claimants receive notice of the bankruptcy and opportunity to object to any plan or repayment. See Wright, 679 F.3d at 107. But as Bothwell had notice of the case and knowledge of the Debtor's activities, this is not relevant to the determination of this Motion.

4

that the jury verdict and the ensuing Judgment was based exclusively on the Debtor's post-petition conduct and, therefore, not barred by the automatic stay. Further, from the material submitted to the Court, it appears that there were significant battles over the jury instructions, as well as the evidence and testimony submitted before the State Court. None of this was presented to this Court. Indeed, the limited evidence presented to this Court indicates that the entering of the Judgment may well be barred by the automatic stay. However, there is insufficient evidence for this Court to make a definitive determination on the merits of the issue. Bothwell has failed to meet his burden and therefore the Motion for a determination that the automatic stay does not apply must be denied.

However, the Court notes that the State Court has concurrent jurisdiction to determine whether entry of the Judgment is stayed by the Bankruptcy Case. See In re Steward, 338 B.R. 654, 658–59 (Bankr. D.N.J. 2006) (citing In re Singleton, 230 B.R. 533, 538–39 (6th Cir. BAP 1999)). That rule is also accepted in the majority of other jurisdictions. In re Siskin, 258 B.R. 554, 562 (Bankr. E.D.N.Y. 2001) (citing cases).

The State Court has greater familiarity with the trial and is in the best position to know precisely what it asked the jury to consider and the precise conduct for which the Debtor was found liable. The State Court may exercise its concurrent jurisdiction to determine the issue of whether the Judgment is based upon pre-petition conduct, and thus barred by the automatic stay, or whether it is based exclusively upon the Debtor's conduct after the Petition Date, and thus is not stayed.

As to Bothwell's alternative request, for relief from the automatic stay to allow the State Court to enter the Judgment, this is denied as well. The primary purpose and policy of the Bankruptcy Code is to allow debtors to obtain a fresh start unburdened by debts incurred prior to filing a petition for relief. See In re Cohn, 54 F.3d 1108, 1113 (3d Cir. 1995). A creditor that believes a certain debt owed by the debtor should be excepted from discharge is given the opportunity to file a nondischargeability complaint before the bankruptcy court. 11 U.S.C. § 523.

Otherwise, any liability the Debtor incurred prior to the Petition Date will be discharged upon successful completion of his Bankruptcy Case, and this Court will not alter or limit the stay to allow liability for pre-petition conduct to be imposed upon the Debtor. This is consistent with the Court's ruling on the First Motion, as illustrated by the statement from the July 12, 2016, hearing quoted above, that Bothwell would not be permitted to pursue the Debtor personally for pre-petition conduct.

Finally, as to Bothwell's request for the imposition of sanctions against the Debtor pursuant to Rule 9011, this request is also denied on both procedural and substantive grounds. Rule 9011 expressly requires that a motion for sanctions be made separately from other motions or requests. Fed. R. Bankr. P. 9011(c)(1)(A). Additionally, the safe harbor provisions of Rule 9011 prevent any such request from being submitted to the Court unless it has first been served on the opposing party and that party given 21 days to withdraw the challenged paper, claim, allegation, etc. In re Miller, 730 F.3d 198, 203–04 (3d Cir. 2013) (citing Fed. R. Bankr. P. 9011(b)). In this case Bothwell has failed to follow any of the procedural or safe harbor provisions laid out in Rule 9011, and moreover, has failed to present any substantive basis for this Court to impose sanctions pursuant to Rule 9011. Therefore, this request is also denied.

## Conclusion

As was detailed above, to the extent this Judgment was based on conduct occurring prior to the Petition Date, it is barred by the automatic stay. The promise of a "fresh start" is the central purpose of the Bankruptcy Code, and this Court will not, and more to the point, does not have the authority to, create additional exceptions beyond those listed in the Bankruptcy Code. Bothwell had ample notice and opportunity to bring its case before the Court and present evidence that the debt owed to him by the Debtor should be excepted from discharge and chose not to do so. To grant relief and allow entry of a judgment based on pre-petition conduct would violate the basic

principles and purpose of the Bankruptcy Code. Therefore, the Court will not grant relief from the stay to permit the Judgment to be entered. However, if the State Court finds that the jury found liability based exclusively on the Debtor's conduct after the Petition Date, the automatic stay does not apply and Judgment may be entered. But this Court cannot make such a finding based on the information before it. Finally, because Bothwell's request for Rule 11 sanctions is both procedurally and substantively deficient, that request will also be denied.

Dated: October 18, 2017

_____
JERROLD N. POSLUSNY, JR.
U.S. BANKRUPTCY COURT JUDGE